MHN

**RECEIVED**

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

MAY  8 2008  aew
MAY 8 2008
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

United States of America ex rel. )

MR. Bobby Ford, N-20126
(Full name and prison number)
(Include name under which convicted)

**PETITIONER**

vs.

Warden Terry McCain
(Warden, Superintendent, or authorized
person having custody of petitioner)

**RESPONDENT, and**

**(Fill in the following blank only if judgment
attacked imposes a sentence to commence
in the future)**

ATTORNEY GENERAL OF THE STATE OF

_____
(State where judgment entered)

**08CV2663**

**JUDGE PALLMEYER**

**MAG.JUDGE SCHENKIER**

Case Number of State Court Conviction:

04-CR-13094-01

## PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: The Circuit Court of Cook County, Criminal Division. 2650 So. California Ave. Chigo. Ill 60608

2. Date of judgment of conviction: Cope-out Guilty Plea was Taken And Enter on 12/13/04.

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

OFFENSE WAS For Aggravated Robbery, Reduce To plain Robbery, 04-CR-13094-01.

4. Sentence(s) imposed: STATE, And DEFENDANT Agreed To 6yrs. Judge Linn impose an Additional Two Years enhancement Two 8yrs. Altogether AT 50%.

5. What was your plea? (Check one)
   (A) Not guilty
   (B) Guilty ( X )
   (C) Nolo contendere ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

I only Pleaded Guilty To one Count, I had no other Counts Pending.

NOTE* When The Court Gives Me A Case Number I Will Pay The Filing Fee.

I don't want To Process in Forma pauperis. I will pay The Filing Fee when I have directions of A Case No# To Pay The Filing Cost. 1.

PART I. TRIAL AND DIRECT REVIEW.

1. Kind of Trial: Jury ( ) Judge only (X)

I had A 402 CONFERENCE on 12/13/04 where I cope-out To A SET SENTENCE of SIX YEARS AT 50%, And The HONORABLE Court Judge JAMES LINN impose AN Additional Two years ENHANCEMENT on His only OWN To Eight YEARS UNDER The 1978 LAW of day For day. He Also impose AN Additional (3) year MANDATORY Supervise Release. WHEN I ASK Him Why was he ENHANCING My SENTENCE Two MORE YEARS, Judge LINN, SAY, BECAUSE I had CAUGHT The SAME offense within A (10) TEN YEAR period, HE say HE WAS IN his Legal Authority To ENHANCE My SENTENCE From SIX YEARS Two EIGHT YEARS!

SEE: Exhibit-005 DATE of OFFENSE, MAY 9TH 2004
SEE: Exhibit-004 Date of arrest, MAY 15TH 2004
SEE: Exhibit-003 Date of LAST OFFENSE(S) WAS

April 17TH 1994 For (3) OFFENSES of Agg. Robbery To which I Plead Guilty To on November 29TH 1994. My NEXT Guilty Plead WASN'T until 12/13/04 That's PASS (10) YEARS To my NEXT CONVICTION. The ENHANCEMENT WAS illegal. See: Attached Exhibit-008 Showing date I WAS Found Guilty And Convicted. My ORIGINAL ARREST date For The present OFFENSE is 5/15/04. VERSE April 17TH 1994, HERE Again This is PAST (10) TEN YEARS. WHEN I WAS ARRESTED on April 17TH 1994 And booked IN The Cook County Jail, The Record will Show I NEVER MADE Bond. And REMAIN IN Custody until my Release date From Prison AT The PONTIAC CORRECTIONAL CENTER on April 16TH 2003. SEE: Exhibit-002 showing

(2.)

Holding Mittimus date proving I NEVER Bond ouT
oF JAil because The Record Shows This To be true.
April 1994 To May 2004 is unquestionably PasT Ten
Years! And Since The Conviction date occur on
November 29th 1994 And Again on December 13th 2004,
IT's plain To See The enhancement is Beyond Ten
Years prior Conviction, Authorizing enHANcement
by LAw under The CLAss X SenTencing Guildlines.
( 730 ILCS 5-8- 3.2 (c)(8). )


2# Did you TestiFy AT Trial? Yes ( )  No (x)
I MAde A SET Cope-out Guilty Plea Agreement oF EighT
YeArs under The Determinate Sentence Law oF February 1st 1978
LAw oF day For day, Thinking enhancement was Legal. This
Would MAke my Release date oF The Agreement 5/10/08.
or without The enhancement 5/10/07. The ILLinois
DepartmenT oF Corrections doesn'T HAve Legal Authority
To Breach The Contract Guilty Plea Agreement under
Any oF it's InternAl Rules or Regulations. unless The
DeFendanT is TAken back To outSide Court And Charge with
A Criminal oFFense.

        FirsT, In Accord with determinate Sentencing
under Section 730 ILCS 5/3-6-3 (a)(2) (WesT 1991), The SAme
STATes in PerTinent PArt: Such rules And Regulations shall
Provide that the Prisoner shall receive one day oF Good Conduct
Credit For EAch day oF Service in Prison other Than where

(3.)

A Sentence of Natural Life has been imposed. Each day of Good Conduct Credit Shall reduce by one day the inmate's period of Incarceration set by The <u>Court!</u> This would mean by law my Release date with The illegal enhancement would be 5/10/08 A period of (4) Four years day for day, And 5/10/07 without the illegal Enhancement So <s>State's</s> Governing law Clearly establish. Here The Illinois Department of Corrections has breach The binding Contract Guilty Plea Agreement. See: Attached Mittimus papers at Exhibit-006 And 007 Showing "IDOC" Has Revoked Case No.#04CR-13094-01; Conference <u>402</u> Guilty Plea Agreement of A Set Time To Serve of only Four years, Three years Minus The illegal Enhancement. As Exhibit-001 clearly shows I was given <u>only 8years.</u> My Release date has past.

3# Did you Appeal from the Conviction or the Sentence imposed?

     YES (X)    NO ( )

(A) If you Appealed, give The
  (1) Name of Court: <u>Circuit Court of Sangamon County.</u>
  (2) Result: Mandamus was denied, And I Appeal To The Fourth District Appellate Court under Case No# 4-06-0651
  (3) Date of Ruling: In The Circuit Court under Case No# 06-MR-338 under Judge Patrick J. Londrigan

         (4.)

Ruling was denied on June 30th 2006. By Judge Londrigan without Any Opinion.

(3#) Ruling was denied on February 20th 2007 In The Appellate Court under Case No# 4-06-0651 Under Judge John T. McCullough.
        See: Attached Exhibit - D 1 of 3 pgs. Opinion.

(4#) Issues Raised: Was, Did the Cook county Court Judge James Linn Have A Right To enhance my Sentence; And Should the Mandatory Supervise Release be made inclusive with The Sentence?

The Court of Appeal denied My brief And based It's denial with, or on me making bare Allegations without having presented the Actual Guilty Plea Agreement Commons Law Transcript To Support My Claims.

(B.) If you did not Appeal, Explain briefly why Not: I did not File A Appeal of The Sentence or Guilty Plea, No! My Appeal, if That's what it's Call, Came in the Form of Filing A Mandamus For Strict Compliance And Adherece To the Removal of the enhancement; And Making The Mandatory Supervise Release Inclusive which would Have Release me immediately.

(5.)

4.) Did you Appeal, or Seek Leave To Appeal, To The Highest State Court? yes(x) No( )

(A) If yes, give The

(1) Result: I wrote The Illinois Supreme Court Explaining The Appellate Court would Not Process My Notice of Appeal To The Illinois Supreme Court; And The Cook County Circuit Court would Not Provide Me with A Copy of My Common Law Guilty Plea Agreement Transcript, Thereby destroying My chance To Present My Case with Evidence Leaving Me Absolutely No Remedy of Law!

(2) Date of Ruling: June 8th 2007 See: Attach Exhibit-A.

(3) Issues raised:

I Could Not Raise A EX parte Appeal of The Appellate Court denial without Supporting Evidence of The Guilty Plea Agreement Common Law Transcript To support My brief, why I Felt The Supreme Court of Illinois Should Overturn The Appellate Court Ruling. This Crucial Bit of Evidence was At All Times relevant, And Being Ruthlessly With held From Me by The Very Same Circuit Court Judge James B. Linn!

(B) If No, why Not: As I Stated Before I did Appeal In The Form of Filing A Mandamus To Correct The Illegal Enhancement; Failure To Make The Mandatory Supervise Release Inclusive with The Judical Sentencing Resulting in preventing My Immediate Release.

5.# Did you petition The United States Supreme Court For A writ of Certiorari? Yes( )  No(x)

If yes, give (A) date of Petition ___NONE___ (B) date Certiorari was denied: No date, None Filed.

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES ( )   NO (X)

    With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

    A.  Name of court: _NONE_

    B.  Date of filing: _NONE_

    C.  Issues raised: _NONE_

    D.  Did you receive an evidentiary hearing on your petition?   YES ( )   NO (X)

    E.  What was the court's ruling? _NONE_

    F.  Date of court's ruling: _NONE_

    G.  Did you appeal from the ruling on your petition?   YES ( )   NO (X)

    H.  (a) If yes,    (1) what was the result? _No POST-CONVICTION FILE_

                    (2) date of decision: _NONE_

        (b) If no, explain briefly why not: _I'm NOT challenging The CONVICTION itself._

    I.  Did you appeal, or seek leave to appeal this decision to the highest state court?

      YES ( )  NO (X)

      (a) If yes,    (1) what was the result? _NONE_

                   (2) date of decision: _NONE_

      (b) If no, explain briefly why not: _I'm challenging My right To immediate RELEASE, NOT The CONVICTION itself._

2.  With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?    YES (X)        NO ( )

A.  If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

1.  Nature of proceeding        *Mandamus / Habeas Corpus*

2.  Date petition filed        *May 2nd 2006*

3.  Ruling on the petition        *Without - Opinion denial.*

3.  Date of ruling        *June 8th 2006*

4.  If you appealed, what was the ruling on appeal?        *Appellate Court Denied The Mandamus / Habeas Corpus.*

5.  Date of ruling on appeal        *February 20th 2007*

6.  If there was a further appeal, what was the ruling ?        *Unable To Proceed Further Without The Guilty Plea Agreement Transcript.*

7.  Date of ruling on appeal        *The Illinois Supreme Court don't, or won't Hear ex parte Briefs. See - Exh. A Attach.*

3.  With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?    YES ( )  NO (X)

A.  If yes, give name of court, case title and case number:        *None*

_____

B.  Did the court rule on your petition?  If so, state

(1)  Ruling:        *None*

(2)  Date:        *None*

**4.  WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?**

YES ( )   NO (X)

If yes, explain:        *None*

_____

**PART III — PETITIONER'S CLAIMS**

1. State briefly every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.  You may attach additional pages stating additional grounds and supporting facts.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one The DEFENDANT GAVE up imPORTANT Constitutional And
Supporting facts (tell your story briefly without citing cases or law):

Legal rights WHEN he Choose To ForThgo A Trial And Agree To
Accepting A Cope-OuT PleA For speciFy Amount of Time Under
The DeterminAte February 1st 1978 day For day SenTencing Guildlines
SET out by Congress. This Guilty PleA AgreemenT is Suppose To
be binding withouT Any Room For MAniPulATion, increase,
obstruction, oR ENHANcemenT by The SAme JudicAl, oR The Illin's
Dept. of CoRRection. My Release date Stand At EiTher 5/10/07 withouT The
ENHANcemenT, oR ✓ 5/10/08 wiTh The ENHANce MenT.

(B) Ground two DEFendAnT NexT ArgumenT is iF The Prison Review BoARd
Supporting facts: wish is under The ExecuTive BRAnch, wishes To invoke A
Term oF MAndAtory SuPerVise releAse on DEFendAnT, suA sPonte, Then
It MusT be invoked prior To deFendAnT CompleTing his Judicially imposed
SenTence with day-For-day good ConducT Credit in Accord wiTh Section
3-6-3(a)(2). In other words, invoke the "MSR TeRm" "As though
wRiTTen thereiN" To The term oF imprisonmenT - "Inclusive" so iF
revocATion occured, the boARd would be wiThin their powers To
ReconFine deFendAnt in prison, As well As enForce Sections 3-3-7(c), 3-3-8(b),
3-3-9(a)(3)(i)(b) And 3-3-10 withouT being ViolATive oF ARTicle I § 2 And
ARTicle II § I oF The Illinois ConstiTution. So As To noT ViolAted
LegislATure intend. oR But, in ViolATion oF the SeperATion oF Powers
ClAuse. (see: 730 ILcs Rules).

(C) Ground three  Defendant Next Argument is does He HAVE A
Supporting facts:
Constitutional Right To His Trial Transcripts, And Common
Law Records of the in Court Guilty Plea Agreement Conver-
sation To Attach As Exhibits To his Brief And show the review-
ing Court How A Lower Court ERROR. SEE: Exhibit-D Attach At
Page 2 And 3 unlined. Than turn To Exhibits B, C, E, F, G, And H.
And notice how Circuit Court Judge James B. Linn, that Sentence
ME, Refuse To Correct the wrong, or Allow me evidence of the Actual
PLEA Agreement itself. Providing me From

(D) Ground four  A Hacking This Issue Before The Illinois
Supporting facts:
Supreme Court; And or Showing The Appellate Court
What kind of Guilty Plea Agreement I enter into. It
Can't Be Argue that Defendant was Sentence To Eight
Years in ON 12/13/04. SEE: Exh. 001 And 008 Attached. The
Plea was under Determinate Sentence of day-For-day. My Mittimus
Clearly Shows I'm To Serve Four years. SEE: Exh. 007 Release date 5/10/08.
Without "IDOC" Breach of The Contract Guilty Plea Binding Term. And IF The
Enhancement is Proven Illegal. I should have BEEN Release on 5/10/07.

2   Have all grounds raised in this petition been presented to the highest court having jurisdiction?
    YES (X)   NO ( )  As far as I was unhinder in doing so. I did.

3.  If you answered "NO" to question (16), state briefly what grounds were not so presented and why not:

_____

(D) Defendant is Also. Alleging under Ground Four: That He has A
Right To Reduction of Sentence if The Guilty Plea Agreement
isn't strictly Follow To the Letter of the Law. That Agreement
CAN BE VACATED And Modify under 735 ILCS 5/2 1401 IF
I'm Able To Show The Court ERROR, Violated it, or wrongfully
Enhanced it, or Allow The Illinois Dept. of Corrections To
Breach it. Defendant is Not Asking To Vacate The Guilty
Plea Agreement, instead I am Demanding Strict Compliance
To The Agreement, And Immediate Release. When The Court
discovers my outdate is ▄▄ Either 5/10/07 or 5/10/08.

(10.)

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing _UNKNOWN_

(B) At arraignment and plea _UNKNOWN_

(C) At trial _NO TRIAL. I HAD A Court Appointed "PD" during the Criminal CASE._

(D) At sentencing _UNKNOWN Public DEFENDER by COURT._

(E) On appeal _PRO. SE. File MANDAMUS / HAbEAS CORpUS brief._

(F) In any post-conviction proceeding _NONE, UNLESS you're REFERRING TO (E)_

(G) Other (state): _I REPRESENTED MYSELF, LATER ON FROM PRISON._

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES (  )   NO (X)

Name and location of the court which imposed the sentence: _NONE_

Date and length of sentence to be served in the future _NONE_

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _5/10/08_
(Date)

_NONE - PRO. SE._
Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

_Bobby Ford_
(Signature of petitioner)

_N-80126_
(I.D. Number)

_STATEVILLE CORR. CENTER_
(Address) _P.O. BOX 112, JOLIET,_
_ILLINOIS, 60434_

REVISED 01/01/2001

-11-

Exh. 001

IN THE CIRCUIT COURT OF COOK COUNTY

PEOPLE OF THE STATE OF ILLINOIS )    CASE NUMBER      04CR1309401
                            V.       )    DATE OF BIRTH    01/18/63
BOBBY      FORD                      )    DATE OF ARREST   05/15/04
Defendant                                IR NUMBER 0597130    SID NUMBER 022337080

## ORDER OF COMMITMENT AND SENTENCE TO
## ILLINOIS DEPARTMENT OF CORRECTIONS
========================================

The above named defendant having been adjudged guilty of the offense(s) enumerated below is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Statutory Citation | Offense | Sentence | Class |
|-------|-------------------|---------|----------|-------|
| 002 | 720-5/18-1(a) | ROBBERY | YRS. 008  MOS.00 | 2 |

and said sentence shall run concurrent with count(s) ___ ___ ___ ___

_____  _____  YRS. ___ MOS. ___
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

_____  _____  YRS. ___ MOS. ___
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

_____  _____  YRS. ___ MOS. ___
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

_____  _____  YRS. ___ MOS. ___
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

On Count ___ defendant having been convicted of a class ___ offense is sentenced as a class x offender pursuant TO 730 ILCS 5/5-5.3(C)(8).

On Count ___ defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

The Court finds that the defendant is entitled to receive credit for time actually served in custody for a total credit of 0213 days as of the date of this order

IT IS FURTHER ORDERED that the above sentence(s) be concurrent with the sentence imposed in case number(s) _____
AND: consecutive to the sentence imposed under case number(s) _____

IT IS FURTHER ORDERED THAT CORR MITT _____

IT IS FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a certified copy of this order and that the Sheriff take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

DATED  FEBRUARY 08, 2006

CERTIFIED BY  M MARIE NORRED
                    DEPUTY CLERK

GCP4 02/08/06 18:09:59

ENTERED
JUDGE JAMES B. LINN 1044
FEB 08 2006
ENT: 02/08/06
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK
JUDGE: LINN, JAMES B.    1544

CCG N305

```
                    ILLINOIS DEPARTMENT OF CORRECTIONS              PAGE    1
                     OFFENDER TRACKING SYSTEM   RM         RUN DATE  11/30/04
                     VERIFICATION OF INCARCERATION         RUN TIME  14.48.27
```

NAME:            FORD, BOBBY                    IDOC #:        N20126

DATE OF BIRTH:   06/14/1960        LIVING UNIT:   STA-STA-F -02-46

HOLDING MITT CUSTODY DATE:                       04/16/1994

DATE ENTERED DEPARTMENT OF CORRECTIONS:          12/02/1994

DATE RECEIVED AT:    STATEVILLE                  07/19/2004

PROJECTED DATE OF RELEASE FROM CUSTODY:          11/30/2004

TYPE OF RELEASE:   PROJECTED DISC DATE

DESCRIPTION OF OFFENSE:

| INDICTMENT # | OFFENSE | SENTENCE YR | MO | DA |
|---|---|---|---|---|
| 94CR11181 | AGGRAVATED ROBBERY | 0009 | 00 | 0000 |
| 94CR11180 | AGGRAVATED ROBBERY | 0009 | 00 | 0000 |
| 94CR10748 | AGGRAVATED ROBBERY | 0009 | 00 | 0000 |
| *91CR25659 | ROBBERY | 0004 | 00 | 0000 |
| *89CR15134 | ROBBERY | 0004 | 00 | 0000 |
| *8115404 | ROBBERY | 0003 | 00 | 0000 |
| *8114036Z | BURGLARY | 0003 | 00 | 0000 |
| *8114036I | ATTEMPT ROBBERY | 0003 | 00 | 0000 |
| *8114036I | UNLAWFUL RESTRAINT | 0003 | 00 | 0000 |

DESCRIPTION OF OFFENSE:

ADDITIONAL INFO ON PAGE 2

NOTE : "*" DISCHARGED MITTS

All Raw Document

Exhibit-CC-2

May-16-04    02:35    From- TEN PRINT CPD    HQ    +3127456877    T-889    P.002/009    F-795

CITY OF CHICAGO / DEPARTMENT OF POLICE / 1121 South State Street
IDENTIFICATION SECTION  Chicago, Illinois 60605

597130

| CRIMINAL HISTORY OF | FORD, Bobby    M/N | Exh. CC3 | |
|---|---|---|---|
| DATE | 28 Dec 80 | | |
| DATE OF BIRTH | 18 Jan 62 | | |

| I R NO.  597130 | | FBI NO. | | S I D NO | |
|---|---|---|---|---|---|

| NAME & ADDRESS | C B NO | DATE OF ARREST — ARRESTING OFFICER & DISTRICT — CHARGE — DISPOSITION | | | |
|---|---|---|---|---|---|
| Bobby FORD<br>1047 W Madison<br>18 Jan 63    1p | 9479021 | -03Sep 93, Off Rosen, 012th dist., Battery<br>16 Nov 93, Battery (38-12-3), Crim. Dmaage To Prop. WRT,<br>Judge Gillespie, Doc#93337687<br>01 Mar 94, Battery (38-12-2), Cirm Damage To Prop. (38-2)<br>Crim Damage To Land (38-21-3), SOL, Judge Gillespie | | | |
| Bobby FORD<br>REFUSED<br>REFUSED | 9484918<br>cd<br>jct/iuu | -10 Sept. 93, off. Schultz, 13th Dist. Battery<br>28 Oct 93, INFO# 93CR-24381, Arson<br>21 Jan 94, Arson (93CR-24381) NOLLE, Jddge Flannery | | | |
| Bobby FORD<br>1047 W. Madison<br>18 Jan 64    lbs | 9590088 | -16 Feb 94, Off. Nunez, Dist. 12, Theft/BATTERY<br>02 Mar 94, Theft (38-16-1), Battery (38-12-3), Crim. Tre<br>To REs. (38-19-4), SOL, Resisting Arrest (38-31-1), PG/FG<br>Dys HOXC 1 yr. Prob. Judge Gillespie, Doc#94234028/TEMPFL | | | |
| Robert FORD<br>7406 S. Jeffery 2E<br>14 Jan 63    lbs | 9614297 | -27 Mar 94, Off. Velazquez, Dist. 12, C.T.T.P.<br>31 May 94, Crim. Trsp. To Real. Prop (38-16-3a), (BFW) Jd<br>Gillespie, Doc#94253560, TEMPFLEET CB<br>SOL | | | |
| Robert FORD<br>1047 W Madison<br>14 Jan 63    jc | 9617430 | -01 Apr 94, Off. Giannoni, 012 Dist., Theft<br>25 Apr 94, Theft(38-16-1a1) BF/SOL Dam.tocity prop.(MCC)<br>PG/FG Exparte $100+30fine Judge Gillespie Doc#94253965<br>tempflet cu | | | |
| Robert FORD<br>7406 S. Jeffery<br>14 Jun 60    vjc | 9734690 | -03 Apr 94, Off. Murphy, Dist. 001 (CD), Crim Tresp To S<br>Land AM    NLC<br>16 May 94, Agg. Asslt (38-12-2a1), Simp. Batt. (38-12-3a)<br>Resist (38-31-1), Crim. Trsp. To St. Sup. Prop. (38-21-5), | | | |
| Bobby FORD<br>10172 S. Malta<br>18 Jan 62    sts | 9736973 | -17 Apr 94, Off. Szczenkowicz, Dist. 011(CD), Agg Robbery<br>09 May 94, INFO#94CR-11180, Agg. Robbery, Class: 1, Robbe<br>Clas: 2<br>11 May 94, GJ IND#94Cr-10748, Agg. Robbery, Class: 1, Robl<br>Class: 2 | | | |
| | 9617430<br>CONT | (BFW) Jdge Kurrubis, Doc#94281957, TEMPFLEET CB | | | |
| 3→ | See CB#<br>9736973<br>ROFO | 29 Nov 94 Agg Robb 994CR-11180) PG 9 yrs IDOC, PG to Agg<br>Robb, CCW 94CR-10748 and 94CR-11181, Agg Robb, Robb,<br>(94CR-11181) PG 9 yrs IDOC, CCW 94CR-11180 and 94CR-10748<br>PG to Agg Robb, Agg Robb, Robb (94CR-10748) PG 9 yrs IDOC<br>PG to Agg Robb , CCW 94CR-11181 and 94CR-11180 Judge Urso | | | |
| Robert FORD<br>6022 S Honore Street<br>18 Jan 63    cc | 15506209 | -28 Jun 03,Off.Williams, Dist004., Battery-Cause Bodily<br>Harm    PGFG | | | |
| Bobby L. FORD<br>10172 S. Malta St.<br>18 Jan 63 | 15608431 | -09 Oct 03, Off. Brown 6th Dist., Assault-Simple<br>SOL | | | |
| Bobby L Ford<br>10172 S Malta St<br>18 Jan 63 | 15640708 | 10 Nov 03, Off Cereceres, Dist 006, Criminal Damage to<br>Property-Knowingly Damage    SOL | | | |

CONFIDENTIAL - Further dissemination of information contained in this record is forbidde
When this record has served the purpose for which it was issued, it must be destroyed (U

CITY OF CHICAGO / DEPARTMENT OF POLICE / 3510 South Michigan Avenue
IDENTIFICATION SECTION  Chicago, Illinois 60653

I.R. NO. 597130

CRIMINAL HISTORY OF — FORD, Bobby

DATE — 16 MAY 04

DATE OF BIRTH — 28 Dec 1980 / 18 Jan. 1962

5 FC — Agg Rob '94 / Agg Rob '94 / Agg Rob '91 / Robb '91 / ATTRob '84   5 misd   M/B   ON PAROLE   Pg. 4   Exh. UC4

| I.P. NO. 597130 | FBI NO. 18 FTA | S.I.D. NO. |
|---|---|---|

| NAME & ADDRESS | C.B NO | DATE OF ARREST | ARRESTING OFFICER & DISTRICT | CHARGE | DISPOSITION |
|---|---|---|---|---|---|
| Bobby L. FORD 10172 S. Malta St. 18 Jan 1963 | 15821638 IUU/mjm | 15 May 2004 Off. Whicher Dist. 019; Agg Robbery | | | |

T.C.

I.U.U. COMPLETE

Revied

CONFIDENTIAL - Further dissemination of information contained in this record is forbidden. When this record has served the purpose for which it was issued, it must be destroyed (U.S.

Exh. cc5

IN RE: BOBBY FORD
          CASE NO. 04CR-13094

OFFICIAL STATEMENT OF FACTS
------------------------------

ON MAY 9, 2004, AT 740 WEST BUCKINGHAM,
CHICAGO, ILLINOIS.  THE DEFENDANT BOBBY FORD,
APPROACHED THE VICTIM, GRABBED THE VICTIM BY
THE NECK, THREATENED HIM WITH A KNIFE AND TOOK
HIS WALLET.  THE WALLET INCLUDED IDENTIFICATIONS
AND TICKETS.
       ON MAY 15, 2004, THE DEFENDANT ENTERED THE
GALLERY AND TRIED TO GET A REFUND ON THOSE
TICKETS.  THE DEFENDANT WAS ARRESTED AND
IDENTIFIED IN A LINEUP.
          DEFENDANT'S BACKGROUND INCLUDED
     94CR-11180      AGGRAVATED ROBBERY, NINE
                     YEARS ILLINOIS DEPARTMENT
                     OF CORRECTIONS (I.D.O.C.)
     94CR-11181      AGGRAVATED ROBBERY NINE YEARS
                     I.D.O.C.
     94CR-10748      AGGRAVATED ROBBERY, NINE
                     YEARS I.D.O.C.
     89CR-15134      AGGRAVATED BATTERY, FOUR YEARS
                     I.D.O.C.
     91CR-25659      ROBBERY, FOUR YEARS I.D.O.C.
     THE PEOPLE OBJECT TO THE DEFENDANT'S EARLY
RELEASE.


                    RICHARD A. DEVINE
                    State's Attorney of Cook County

               By:

                    GERALDINE D'SOUZA,
                    Assistant State's Attorney

*Exhibit-006*

## SENTENCE CALCULATION WORK SHEET

### Revocation of Good Conduct Credits
### When Sentence Is Determinate Under 1978 Law

*N 335*

Name _Bobby Fo_____ Number _N80126_ Date _P-01-07_

---

**STEP 1**

| Year | Month | Day |
|------|-------|-----|
|      | 3     |     |

(Good Conduct Credits Revoked From
Sentence By Director On _____ )

**STEP 2** (Mittimus Number _____ )

Projected Out Date

| | Year | Month | Day | |
|--|------|-------|-----|--|
| + | | 3 | | (Custody Date)<br>(Sentence Less G.C.C.) |
| | 08 | 5 | 10 | |
| + or - | | 7 | | (Projected Out Date or<br>PRB Projected Out Date)<br>(Previous Time - Lost/Awarded) |
| | 08 | 12 | 10 | |
| + | | 3 | | (Projected Out Date)<br>(Present Revocation) |
| | 07 | 3 | 10 | |
| = | | | | (Adjusted Projected Out Date) |

---

Adjusted Projected Out Date _____ Terminal Operator _____

Calculated By _B.F_____ Date Entered _____

DC 1328 (Rev. 9/93)
IL426-00528

Exhibit- 007

.07.421A-J

## SENTENCE CALCULATION WORK SHEET

E915

### SINGLE OR CONCURRENT DETERMINATE SENTENCES UNDER 1978 LAW AND JAIL CREDIT

NAME  BOBBY FORD          NUMBER  N20126    DATE 2-28-06

**(STEP 1) (A)**

Yr.  Mo.  Day

| | | | |
|---|---|---|---|
| - | | | (Rel. on Bond, Etc.) |
| | | | (Arrest Date) |
| | | | (Jail Credits) |
| + | | 1 | (Add 1 Day) |
| | | | (Jail Credits) |

**(STEP 1) (B)**

Yr.  Mo.  Day

| | | | |
|---|---|---|---|
| - | | | (Rel. on Bond, Etc.) |
| | | | (Arrest Date) |
| | | | (Jail Credits) |
| + | | 1 | (Add 1 Day) |
| | | | (Jail Credits) |

**(STEP 1) (C)**

Yr.  Mo.  Day

| | | | |
|---|---|---|---|
| - | | | (Rel. on Bond, Etc.) |
| | | | (Arrest Date) |
| | | | (Jail Credits) |
| + | | 1 | (Add 1 Day) |
| | | | (Jail Credits) |

**(STEP 1) (D)**

Yr.  Mo.  Day

| | | | |
|---|---|---|---|
| - | | | (Rel. on Bond, Etc.) |
| | | | (Arrest Date) |
| | | | (Jail Credits) |
| + | | 1 | (Add 1 Day) |
| | | | (Jail Credits) |

**(STEP 2)**

Yr.  Mo.  Day

| | | | |
|---|---|---|---|
| + | | | (Jail Credits - A) |
| + | | | (Jail Credits - B) |
| + | | | (Jail Credits - C) |
| + | | | (Jail Credits - D) |
| | | | (Total Jail Credits) |

**(STEP 3)**   213 days

Yr.  Mo.  Day

| | | | |
|---|---|---|---|
| 04 | 12 | 13 | (Old Custody/ Sentence Date) |
| - | 7 | 3 | (Total Jail Credits) |
| 04 | 5 | 10 | (New Custody Date) |

**(STEP 4)** (MITTIMUS NO. 04CR1309401

### PROJECTED OUT DATE

Yr.  Mo.  Day

| | | | |
|---|---|---|---|
| 04 | 5 | 10 | (New Custody Date) |
| + | 4 | | (Sentence Less Good Conduct Credits) |
| 08 | 5 | 10 | (Projected Out Date) |
| +or- | | 7 | (Previous Time Lost/Awarded) Revoked |
| 08 | 12 | 10 | (Adj. Proj. Out Date) |

**(STEP 5)**

### MANDATORY OUT DATE

Yr.  Mo.  Day

| | | | |
|---|---|---|---|
| 04 | 5 | 10 | (New Custody Date) |
| + | 8 | | (Sentence) |
| 12 | 5 | 10 | (Mandatory Out Date) |

---

Adj. Proj. Out Date  12-10-08          Terminal Operator _____

Mandatory Out Date  5-10-12          Date Entered _____

Calculated By _____

Rec'd corrected mitt from Cook Co. #04CR1309401 giving only 213 days jail credit. Custody date is now 5-10-04.

DC 132
IL 426-0521

Exh. OOB

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 003

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 04CR1309401

BOBBY        FORD

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
10/20/04 PUBLIC DEFENDER APPOINTED              00/00/00
        LINN JAMES B.
10/20/04 CONTINUANCE BY AGREEMENT              11/19/04
        LINN JAMES B.
11/19/04 DEFENDANT IN CUSTODY                  00/00/00
        LINN JAMES B.
11/19/04 PRISONER DATA SHEET TO ISSUE          00/00/00
        LINN JAMES B.
11/19/04 MOTION TO SUPPRESS                            D        2
        EVIDENCE
        LINN JAMES B.
11/19/04 CONTINUANCE BY AGREEMENT              12/13/04
        LINN JAMES B.
12/13/04 DEFENDANT IN CUSTODY                  00/00/00
        LINN JAMES B.
12/13/04 PLEA OF GUILTY            C002
        LINN JAMES B.
12/13/04 JURY WAIVED                           00/00/00
        LINN JAMES B.
12/13/04 FINDING OF GUILTY         C002
        LINN JAMES B.
12/13/04 PRESENTENCE INVESTIGATION WAIV        00/00/00
        LINN JAMES B.
12/13/04 NOLLE PROSEQUI            C001
        LINN JAMES B.
12/13/04 DEF SENTENCED ILLINOIS DOC    C002
            8 YRS
        LINN JAMES B.
12/13/04 CREDIT DEFENDANT FOR TIME SERV        00/00/00
            273 DYS
        LINN JAMES B.
12/13/04 FINES COSTS FEES PER DRFT ORD         00/00/00            $    499
        LINN JAMES B.
12/13/04 BLOOD TEST ORDERED                            S        1
        LINN JAMES B.
12/13/04 DEF ADVISED OF RIGHT TO APPEAL        00/00/00
        LINN JAMES B.

*Exh. D*

NO. 4-06-0651

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED

FEB 2 0 2007

CLERK OF THE
APPELLATE COURT 4TH DIST.

| | |
|---|---|
| BOBBY FORD,<br>        Plaintiff-Appellant,<br>        v.<br>ROGER E. WALKER, JR., Director,<br>Illinois Department of Corrections, and<br>the ILLINOIS PRISONER REVIEW BOARD,<br>        Defendants-Appellees. | Appeal from<br>Circuit Court of<br>Sangamon County<br>No. 06MR338<br><br>Honorable<br>Patrick J. Londrigan,<br>Judge Presiding. |

ORDER

On or about May 2, 2006, plaintiff, Bobby Ford, filed a

<u>pro</u> <u>se</u>, 42 U.S.C. 1983 complaint, motion to reduce sentence,

alternatively, petition for writ of <u>mandamus</u> to order strict

compliance with terms of guilty plea agreement in the circuit

court of Sangamon County.  On June 30, 2006, the trial court

denied plaintiff's complaint.  Plaintiff appeals, arguing he did

not receive the benefit of his plea bargain with the State.  For

the reasons that follow, we affirm.

At the outset, we note that a very sparse record was

submitted in this case.  In addition, the State elected not to

file an appellee's brief.  Therefore, the information that

follows has been provided by plaintiff with no supporting

documentation.  Plaintiff was charged in Cook County circuit

court with aggravated robbery and later pleaded guilty to

robbery.  As part of the plea agreement, Judge James Linn of the

Cook County Circuit Court sentenced plaintiff to six years'

imprisonment.  Sometime later, plaintiff realized he had also

been sentenced to a two-year "unlawful enhancement" and a three-year term of mandatory supervised release (MSR). Plaintiff filed a complaint with the trial court, asking the court to issue a writ of mandamus, ordering defendants to comply with the terms of plaintiff's guilty plea agreement. The record contains no evidence of a response to plaintiff's complaint by the State. The trial court denied plaintiff's complaint and plaintiff appeals.

On appeal, plaintiff argues he entered into a negotiated plea agreement and was unaware he received a sentence enhancement as well as MSR in addition to the six-year term of imprisonment he agreed to serve. Plaintiff argues the trial court erred in failing to issue a writ of mandamus to defendants, ordering them to comply with the terms of plaintiff's plea agreement. In the alternative, plaintiff asks this court to amend the mittimus to show plaintiff is not required to serve either the two-year period of enhancement or the three-year period of MSR. In the alternative, plaintiff asks that we rule the MSR statute unconstitutionally vague. We are unable to reach the merits of plaintiff's claim.

In People v. Whitfield, 217 Ill. 2d 177, 195, 840 N.E.2d 658, 669 (2005), the supreme court held that a defendant's due process rights are violated when he pleads guilty in exchange for a specified sentence and the trial court fails to advise the defendant, prior to accepting his plea, that a MSR term will be added to his sentence. In this case, plaintiff did not present

to this court any record of his plea agreement or the guilty plea hearing. This court merely possesses plaintiff's bare allegations. Therefore, it is impossible to determine what type of plea agreement plaintiff entered into and whether the trial court properly advised plaintiff of the statutory MSR term that applied to his sentence.

It is the appellant's burden to present to the appellate court a sufficiently complete record of proceedings to support his claim of error. Foutch v. O'Bryant, 99 Ill. 2d 389, 391, 459 N.E.2d 958, 959 (1984). In the absence of such a record, it will be presumed that the trial court's order is in conformity with the law and had a sufficient factual basis. Foutch, 99 Ill. 2d at 392, 459 N.E.2d 959. "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." Foutch, 99 Ill. 2d at 392, 459 N.E.2d 959. In the absence of a sufficiently complete record, we have no basis upon which to determine the trial court erred in sentencing defendant. His mandamus complaint was properly dismissed.

For the foregoing reasons, the trial court's judgment is affirmed.

Affirmed.

McCULLOUGH, J., with COOK and TURNER, JJ., concurring.

- 3 -

*Exhibit-A*



# SUPREME COURT OF ILLINOIS
SUPREME COURT BUILDING
SPRINGFIELD 62701

June 8, 2007

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 N. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-6185

Mr. Bobby Ford
Reg. No. N-20126
Pontiac Correctional Center
P. O. Box 99
Pontiac, Illinois  61764

   Re: Bobby Ford, appellant, v. Roger E. Walker, Jr., etc., et al., respondents.
     Appellate Court, Fourth District, No. 4-06-0651,

Dear Mr. Ford:

   This will acknowledge receipt in this office on May 15, 2007, of your correspondence and attachments regarding the above-captioned cause, which were addressed to former Chief Justice McMorrow.

   Your submission has been referred to this office for reply, and is being returned to you with this letter. Please note that under Article VI of the State Constitution and the Rules of the Supreme Court, the jurisdiction of the Court extends only to cases or controversies properly brought before it from lower courts. Judges in the State of Illinois are precluded by the Code of Judicial Conduct from initiating, permitting, or considering *ex parte* communications or considering other communications made to the judge outside the presence of the parties concerning a pending or impending court proceeding. Furthermore, the Court cannot give legal advice or assistance.

   In the event you desire to file an appeal to this Court, it is suggested that you prepare to the best of your ability a late petition for leave to appeal containing a detailed statement of the facts concerning your case, such as indictment number, crime, date and length of sentence, and a detailed argument stating the reasons why you feel you are entitled to review by the Supreme Court. A copy of the Appellate Court decision and, if applicable, the order denying your petition for rehearing should be attached to your material, all of which should then be forwarded to this office as soon as possible.

   Since your petition is not timely, it will be necessary for you to include with your late petition a motion for leave to file a late petition for leave to appeal, generally setting out the reasons why you were unable to timely file.

   A copy of each document should be served on the Attorney General of the State of Illinois (Hon. Lisa Madigan, Attorney General, Criminal Appeals Division, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601) and the State's Attorney of the county of conviction.

   Your petition for leave to appeal should be brought to the Court under Supreme Court Rule 315, a copy of which is enclosed for your information. **Please note the 20-page limitation.**

        Very truly yours,

        *Juleann Hornyak*
        Clerk of the Supreme Court

JH:jak
Enclosure

Criminal Division

**DOROTHY BROWN**
**CLERK OF THE CIRCUIT COURT**

Exh. B

2650 South California Avenue
Room 526
Chicago, Illinois 60608
(773) 869-3147
FAX (773) 869-4444
www.cookcountyclerkofcourt.org

### OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY

November 20, 2007

Bobby Ford #N-20126
Pontiac C.C.
P.O. Box 99
Pontiac, IL 61764

Dear Bobby Ford:

RE:    Case Number 04CR13094-01

Please be advised that on 11/13/07, the Honorable Judge James Linn denied your motion for Reduction of Sentence.

If you have additional questions regarding this ruling, please contact your attorney, or the public defender.

Office of the Public Defender, Cook County
2650 South California Avenue
7th Floor
Chicago, IL 60608
(773) 869-3222

Sincerely,
**Dorothy Brown**
Clerk of the Circuit Court of Cook County, Illinois

By: _____ Deputy Clerk
CCCR EF16-2/14/2007. Motion Denied Letter.



**MISSION STATEMENT**

The mission of the office of the Clerk of the Circuit Court of Cook County is to serve the citizens of Cook County and the participants in the judicial system in a timely, efficient and ethical manner. All services, information and court records will be provided with courtesy and cost efficiency.

Exh. C



**DOROTHY BROWN**
**CLERK OF THE CIRCUIT COURT**

Criminal Division
2650 South California Avenue
Room 526
Chicago, Illinois 60608
(773) 869-3147
FAX (773) 869-4444
www.cookcountyclerkofcourt.org

## OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY

December 6, 2007


Bobby Ford #N-20126
Pontiac C.C.
P.O. Box 99
Pontiac, IL 61764

Dear Bobby Ford:

RE:     Case Number 04CR13094-01


Please be advised that on 12/06/07, the Honorable Judge James Linn denied
your motion for the Transcript of the Guilty Plea Agreement..


If you have additional questions regarding this ruling, please contact your
attorney, or the public defender.

Office of the Public Defender, Cook County
2650 South California Avenue
7th Floor
Chicago, IL 60608
(773) 869-3222


Sincerely,
**Dorothy Brown**
Clerk of the Circuit Court of Cook County, Illinois

By:_____ Deputy Clerk
CCCR EF18-2/14/2007. Motion Denied Letter.



**MISSION STATEMENT**

The mission of the office of the Clerk of the Circuit Court of Cook County is to serve the citizens of Cook County and the participants in the judicial system in a
timely, efficient and ethical manner. All services, information and court records will be provided with courtesy and cost efficiency.

Exh. E

**DOROTHY BROWN**
CLERK OF THE CIRCUIT COURT



Criminal Division
2650 S. California, Room 526
Chicago, Illinois 60608
(773) 869-3140
FAX (773) 869-4444
www.cookcountyclerkofcourt.org

## OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY

January 15, 2008

Mr. Bobby Ford, # N20126
Pontiac Correctional Center
Post Office Box 99
Pontiac, Illinois 61764

Re: 04CR13094-01

Dear Mr. Ford:

Thank you for contacting the Office of the Clerk of the Circuit Court of Cook County. This letter is in response to your inquiry regarding case number 04CR1309401. Please be advised that your Motion for Production of Documents was received and filed by our office. Your motion has been calendared for January 18, 2008.

Enclosed, please find a filed stamped copy of your Motion for Production of Documents. This Office will notify you once a decision has been reached by the judge hearing your case.

If you require additional information, please write to our office at the address listed above.

Sincerely,

Correspondence Team
Criminal Division

Exh. F



**DOROTHY BROWN**
LERK OF THE CIRCUIT COURT

Criminal Division
2650 South California Avenue
Room 526
Chicago, Illinois 60608
(773) 869-3147
FAX (773) 869-4444
www.cookcountyclerkofcourt.org

## OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY

February 6, 2008

Bobby Ford #N-20126
Pontiac C.C.
P.O. Box 99
Pontiac, IL 61749

Dear Bobby Ford:

RE:     Case Number 04CR13094-01

Please be advised that on 02/04/08, the Honorable Judge James Linn denied your motion for Sentence Modification..

If you have additional questions regarding this ruling, please contact your attorney, or the public defender.

Office of the Public Defender, Cook County
2650 South California Avenue
7th Floor
Chicago, IL 60608
(773) 869-3222

Sincerely,
**Dorothy Brown**
Clerk of the Circuit Court of Cook County, Illinois



By: _____     Deputy Clerk
CCCR EF19 2/4/2006.  Motion Denied Letter

IN THE CIRCUIT COURT OF THE _Criminal Department_ JUDICIAL
CIRCUIT _COOK_ COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS )
Respondent, )
                                )
                                )    Case No. _04-CR-13094-01_
_BOBBY FORD_ v.                 )
Defendant/Petitioner, pro se    )

FILED
JAN 11 2008
CLERK OF THE
CRIMINAL/ILLINOIS COURT

## MOTION FOR TRIAL TRANSCRIPTS
## AND COMMON LAW RECORDS

The Petitioner, pro se, _Bobby Ford_ respectfully moves this Honorable Court
to enter an order pursuant to Supreme Court Rule 471, 605, 607, and 608, allowing defendant to obtain a copy
of his common law record and trial transcript of the proceedings without cost to him.

Petitioner, pro se, is an indigent person within the meaning of the statutes and has a meritorious cause
for review in this Court.

1. That he is presently incarcerated at the _PONTIAC_ Correctional
Center, _PONTIAC_, Illinois _61764_.

2. He is now serving a sentence of _8_ months/years, following a conviction for
_ROBBERY_, in the County of _COOK_
on _12/13/04_, following a _COPE-OUT PLEA_, before the Honorable
_JAMES LINN_, Judge presiding, and a term of _1 yr 3 months_ years remains
to be served for this conviction.

3. The Petitioner, pro se is without financial means to pay for the report requested in that he does not
have any real estate or any interest in real estate, and that he has no money, accounts receivable, or personal
property of any kind or nature sufficient to enable him to pay for the requested proceedings. An affidavit in
support is attached.

WHEREFORE, Petitioner, pro-se, respectfully prays that this Honorable Court grant this motion for Trial
Transcripts and Common Law Records as requested.

Respectfully submitted,¶

✱ _Bobby Ford_
Petitioner, pro-se, ID No. _N-20126_
_PONTIAC_ Correctional Center
P. O. Box _99_
_PONTIAC_, Illinois _61764_ ¶

Revised Jan 2002

PETITIONER is SEEKING A Full Copy oF His IN CouRT
CONVERSATION Guilty PLEA AgREEMENT COMMON LAW
TRANSCRIPT FROM dATE 12/13/04.

To; The office of The official Court Reporter
  of Cook County
                                              Exh. H    12/6/07

FR: Mr. Bobby Ford, N-20126
    Pontiac Correctional Center
    P.O. Box 99, Pontiac, Ill. 61764         Case No# 04-CR-13094-01

Subject: Request For copy of In Court Open Guilty Plea Agreement
         Common Law Transcript.

        To: Whom it May Concern!

    Dear, official Court Reporter of Cook County.

            On 12/13/04 in Case No.# 04-CR-13094-01 I personally
Appeared As A criminal defendant in the Above Case No#.
It is Too My Understanding that you As the official
Court Reporter of Cook County have in your Possession
The Open Court Guilty Plea Agreement Common Law
Record(s) Transcript; And did Act As Court Typist in The
Above Stated Case, And, or Possession official Control of
The Guilty Plea Agreement transcript typing's Made on
12/13/04 in Front of Judge James Linn. I Am Specifically
Asking you Froward me A Complete Free Copy of My In
Court Guilty Plea Agreement Common Law transcript Records
Made on 12/13/04 As one indigent. And For Any Reason As
You Are unable Too, To Please State your Full Indentity
Name, And the Indentity of the person in possession of
These Records. Furthermore, I request you stamp File this
Request, And Forward me A Copy back For my File.
                                        Respectfully
                                      X Bobby Ford
                                            N-20126

    (Exh. E.)                    (I)