IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel.<br>  BOBBY FORD (#N20126), | )<br>)<br>) | |
|                 Petitioner, | )<br>) | |
|                 v. | )<br>) | No. 08 C 2663 |
| TERRY McCANN, Warden,<br>  Stateville Correctional Center, | )<br>)<br>) | The Honorable<br>Rebecca R. Pallmeyer, |
|                 Respondent. | ) | Judge Presiding. |

## MOTION TO DISMISS PETITION
## AS TIME-BARRED

     Pursuant to 28 U.S.C. §2244(d)(1)(A), and this Court's July 9, 2008 order, respondent Terry McCann moves to dismiss petitioner's petition for writ of habeas corpus as time-barred and states as follows:

     1.    Petitioner Bobby Ford is incarcerated at Stateville Correctional Center in Joliet, Illinois, where he is in the custody of Terry McCann, the warden of that facility. Petitioner's prisoner identification number is N20126.

     2.    On December 13, 2004, petitioner pleaded guilty to robbery in the Circuit Court of Cook County and was sentenced to 8 years of imprisonment. Exhibit A at 3; Exhibit B at 1.

3.  As confirmed by the state appellate court clerk's office, petitioner did not appeal. *See also* Pet. 4 (asserting that petitioner "appealed" his Cook County conviction by filing a mandamus petition in the Circuit Court of Sangamon County).

4.  Beginning in February 2006, petitioner filed several documents in the Circuit Court of Cook County requesting modification of his sentence, all of which were denied. Exhibit A at 4-5. The state appellate court clerk's office has confirmed that petitioner did not appeal from any of these denials.

5.  In May or June 2006, in the Circuit Court of Sangamon County, petitioner filed a document seeking relief under 42 U.S.C. §1983, reduction of his sentence, and a writ of mandamus to compel strict compliance with the terms of his plea agreement. Exhibit B at 1; Exhibit C at 1. On June 30, 2006, the trial court denied relief. Exhibit B at 1; Exhibit C at 1. Petitioner appealed, and on February 20, 2007, the Illinois Appellate Court affirmed. Exhibit B at 3. The state supreme court clerk's office has confirmed that petitioner did not seek leave to appeal.

6.  Petitioner signed his habeas petition on May 10, 2008. The petition presents the following claims:

  I.   petitioner's sentence was "enhanced" by the trial judge in violation of his plea agreement;

  II.  petitioner's term of mandatory supervised release must be served during his prison term rather than afterwards;

  III. petitioner was denied his constitutional rights to pleadings and trial transcripts needed to prove his claim(s); and

  IV.  petitioner seeks strict compliance with his plea agreement.

7. Respondent has manually filed the following state court materials in support of this motion under separate cover:

Exhibit A: Certified Statement of Conviction, *People v. Ford*, Circuit Court of Cook County, No. 04 CR 1309401;

Exhibit B: Order, *Ford v. Walker*, Illinois Appellate Court, Fourth District, No. 4-06-0651 (Feb. 20, 2007); and

Exhibit C: Court Docket Sheet, *Ford v. Walker*, Circuit Court of Sangamon County, No. 06 MR 338.

## ARGUMENT

The instant petition should be dismissed with prejudice as time-barred under 28 U.S.C. §2244(d), which imposes a one-year limitation period on habeas corpus petitions filed by state prisoners. Because petitioner does not allege: a State impediment to filing, a newly recognized and retroactive constitutional right, or a subsequent discovery of the factual predicate of a claim, *see* 28 U.S.C. §2244(d)(1)(B)-(D), the limitations period in his case began running after the judgment became final by the expiration of the time for seeking direct review, *see* 28 U.S.C. §2244(d)(1)(A). Here, because petitioner pleaded guilty, he was eligible to seek direct review only if he first filed in the trial court a motion to withdraw his plea or reconsider his sentence. *See* Ill. S. Ct. R. 604(d) ("No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence . . . or . . . withdraw the plea of guilty."). Petitioner had 30 days from the date of sentencing — December 13, 2004, *see* Exhibit A at 3 — in

-3-

which to file such a motion. *People v. Diaz*, 735 N.E.2d 605, 609 (Ill. 2000) (citing Ill. S. Ct. R. 604(d)). Because petitioner did not do so, his conviction became final on January 12, 2005, and the limitations period expired one year later, on January 12, 2006.[1]

Although the limitations period is tolled during the pendency of a properly filed postconviction petition, 28 U.S.C. §2244(d)(2); *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002), petitioner's filings in the Circuit Courts of Cook and Sangamon Counties could have no tolling effect because they were filed after the limitations period expired. Exhibit A at 4-5; Exhibit B at 1; Exhibit C at 1.

In addition, respondent discerns, and petitioner asserts, no "extraordinary circumstances" that would justify equitable tolling of the limitations period. *See Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) (equitable tolling is available "only where the petitioner is unable to file the action within the statutory period due to extraordinary circumstances outside his control and through no fault of his own"). Petitioner, therefore, is barred from pursuing federal habeas corpus relief, and his petition should be dismissed with prejudice on this basis.

---

[1] Under United States Supreme Court Rule 13, a petition for writ of certiorari is due 90 days after a final judgment of a state court of last resort or 90 days after the denial of discretionary review by the state court of last resort. United States Supreme Court Rule 13. Because petitioner never filed a direct appeal — meaning the Illinois Supreme Court never considered a direct appeal — petitioner could not file a petition for writ of certiorari to the United States Supreme Court; thus, the statute of limitations is not tolled for this 90-day period. *See Gutierrez v. Schomig*, 233 F.3d 490, 491 (7th Cir. 2000) (finality of conviction not delayed for 90-day certiorari filing period because Illinois Supreme Court did not consider the petitioner's petition for leave to appeal on the merits).

## CONCLUSION

The Court should dismiss with prejudice the petition for writ of habeas corpus as time-barred. If the Court determines that the petition is timely, respondent requests thirty days from the entry of the Court's order denying this motion to address in a subsequent pleading the merits of, or any procedural or other defenses to, the claims presented in the petition.

September 9, 2008                    Respectfully submitted,

                                        LISA MADIGAN
                                      Attorney General of Illinois

                            By: _____
                                      LEAH C. MYERS, Bar #6278107
                                      Assistant Attorney General
                                      100 West Randolph Street, 12th Floor
                                      Chicago, Illinois 60601-3218
                                      PHONE:  (312) 814-5029
                                      FAX:  (312) 814-2253
                                      E-MAIL: lmyers@atg.state.il.us

## CERTIFICATE OF SERVICE

      I certify that on September 9, 2008, I electronically filed respondent's **Motion to Dismiss Petition as Time-Barred** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on the same date mailed a copy of the document via the United States Postal Service to the following non-CM/ECF user:

    Bobby Ford, #N20126
    Stateville Correctional Center
    Route 53
    P.O. Box 112
    Joliet, Illinois 60434.

                                              LISA MADIGAN
                                              Attorney General of Illinois

By: _____
       LEAH C. MYERS, Bar #6278107
       Assistant Attorney General
       100 West Randolph Street, 12th Floor
       Chicago, Illinois 60601-3218
       PHONE: (312) 814-5029
       FAX: (312) 814-2253
       E-MAIL: lmyers@atg.state.il.us